Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

**SEALED BY ORDER OF THE COURT**

## United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 17 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

U.S.A. vs. <u>CALVIN MILITANTE</u>                    Docket No. <u>CR 01-00366SOM-01</u>

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CALVIN MILITANTE, who was placed on supervision by the Honorable Susan Oki Mollway, sitting in the Court at Honolulu, Hawaii, on the 18th day of March 2002, who fixed the period of supervision at six (6) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

On 11/10/2003, the subject's conditions of supervision were modified by Your Honor to include the following:

5. That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

Prob 12C
(Rev. 1/06 D/HI)

2

On 2/23/2005, the Court revoked the subject's supervised release for the following violations: 1) the subject associated with Mona Huihui, a convicted felon; 2) the subject failed to notify the Probation Officer 10 days prior to any change in residence; 3) the subject failed to truthfully answer all inquiries by the Probation Officer on 12/10/2004, 12/30/2004, and 1/19/2005; and 4) the subject violated a restraining order. The subject was sentenced to ten (10) months imprisonment with sixty-two (62) months supervised release to follow. The following special conditions were imposed.

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant serve four (4) months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5. That the defendant shall participate in anger management counseling as directed by the Probation Office.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. The subject failed to serve four (4) months community confinement, when on 3/16/2006, he was unsuccessfully terminated from the program, in violation of Special Condition No. 2.

2. The subject associated with Mona Huihui, a convicted felon, in violation of Standard Condition No. 9.

Case 1:01-cr-00366-SOM   Document 41   Filed 03/17/2006   Page 3 of 11

Prob 12C
(Rev. 1/06 D/HI)

3

    Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

    I declare under penalty of perjury that the foregoing is true and correct

    Executed on March 17, 2006

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 17th day of March, 2006, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:  **MILITANTE, Calvin**
     **Criminal No. CR 01-00366SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

The subject pled guilty to Possession With Intent to Distribute and Distribution of Cocaine Base Within 1,000 Feet of the Real Property Comprising a Playground, a Class B felony. He was sentenced by Your Honor on 3/18/2002 to twenty-two (22) months imprisonment to be followed by six (6) years supervised release. The subject began his first supervised release term on 4/18/2003.

On 2/23/2005, supervised release was revoked and the subject was sentenced to ten (10) months imprisonment to be followed by sixty-two (62) months of supervised release. The subject began his second supervised release term on 11/22/2005. The special conditions are noted on page two of the petition.

**Violations No. 1 and 2 - Failing to serve four (4) months community confinement, when on 3/16/2006, the subject was unsuccessfully terminated from the Program and associating with Mona Huihui, a convicted felon**: On 3/16/2006, the subject was unsuccessfully terminated from the Mahoney Hale Community Corrections Center for the continued violation of program rules. The following is a listing of the violations the subject incurred while at Mahoney Hale:

On 12/18/2005, the subject was cited by Mahoney Hale staff for Harassment of another resident and Using Abusive or Obscene Language.

On 12/28/2005, the subject got into an argument with staff over signing a form.

On 12/31/2005, the subject returned to the program more than one hour late and failed to request an extension of his leave time.

On 1/2/2006, the subject signed out to work and it was later discovered by Mahoney Hale staff that the subject did not go to work. The subject later admitted that he lied about going to work so he could look for another job and to update his car insurance.

On 1/16/2006, the subject was cited for Abusive or Obscene Language, when he failed to get off a telephone during a nightly head count at 11:39 p.m.

On 2/18/2006, the subject was cited for bringing a cell phone charger into the facility. He denied having a cell phone which is prohibited in the facility.

On 2/25/2006, the subject was cited for telling a State female inmate at an adjoining facility to remove an article of clothing from her head. His exact words


Re: **MILITANTE, Calvin**
**Criminal No. CR 01-00366SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 2**

were, "Hey, take that rag off." When informed by Mahoney Hale staff that he was not to speak to female residents of the State program, he stated that he would speak to anyone he pleases. The subject was placed on a behavioral contract and warned that any future problems with following program rules would cause him to be removed from the Mahoney Hale program.

On 3/14/2006, the subject reported to the Probation Office and informed this officer that earlier that morning, he had gone to the residence of Mona Huihui, a convicted felon, who is also on federal supervised release. Your Honor is reminded that the subject had his previous supervised release term revoked for unauthorized association with Ms. Huihui. The subject stated that he went to the residence to get his car back from Ms. Huihui's family, who were taking care of his car while he was incarcerated. The subject told this officer that he needed his car to search for a residence prior to his release and also to run errands. The subject acknowledged that driving a motor vehicle while in the Mahoney Hale program is a rule violation unless approval is granted by the Bureau of Prisons for work purposes only. While at Ms. Huihui's residence, the subject engaged in an argument over his car with Ms. Huihui and her mother. The subject eventually left the residence without taking his car. The car has since been towed by the subject to an unknown location. When questioned about his contact with Ms. Huihui, the subject also admitted that sometime in December 2005, the subject had contact with Ms. Huihui at the Freedom Recovery Services (FRS) outpatient substance abuse program. During this contact, the two of them reportedly had sexual intercourse in the public bathroom outside of the program.

Mahoney Hale cited the subject for unauthorized contact with a convicted felon and unaccountability, for not being at work on the morning of 3/14/2006. As a result of these additional violations, the subject was unsuccessfully terminated from the Mahoney Hale Community Corrections Center on 3/16/2006.

The Court should also be aware that the subject was removed from the traditional weekly group outpatient class at FRS in December 2005 due to his inability to restrain his anger/rage impulses and for inappropriate and aggressive behavior towards staff members on three (3) separate occasions. As a result of his behavior, he was sternly admonished by this officer and warned that future anger control problems would not be tolerated. To help defuse the situation, the subject was placed in weekly individual substance abuse and anger management counseling with Dr. Kevin Connors, a licensed psychologist and Certified Substance Abuse Counselor.

Re:   **MILITANTE, Calvin**
      **Criminal No. CR 01-00366SOM-01**
      **REVOCATION OF SUPERVISED RELEASE**
      **STATEMENT OF FACTS - Page 3**

    Our office is concerned that since the subject's release on 11/22/2005, he has exhibited a heightened level of anger. The subject appears to have animosity for his prior revocation sentence and prison designation. He does not appear to be able to properly process his anger and has acted out inappropriately as a result. Because the subject has a prior conviction for Assault in the Second Degree and previously engaged in violence against Ms. Huihui during his previous supervised release term, our office has significant concerns about the subject's ability to control his behavior in the community. As a result, we respectfully recommend that the Court issue a no bail warrant for his appearance to show cause why supervised release should not be revoked.

                                                                                      Respectfully submitted by,

                                                                                   FRANK M. CONDELLO, II
                                                                                   U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:  MILITANTE, Calvin
     Criminal No. CR 01-00366SOM-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:       CALVIN MILITANTE                                   Docket No.  CR 01-00366SOM-01
Address:  c/o Mahoney Hale
          909 Kaamahu Place
          Honolulu, Hawaii  96817

Under the terms of this sentence, the defendant has been placed on probation by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 62 months commencing 11/22/2005.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)   The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)   The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          11/25/05
CALVIN MILITANTE, Defendant              Date

_____                  11/25/05
FRANK M. CONDELLO, II                      Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:   MILITANTE, Calvin
      Docket No. CR 01-00366SOM-01

### Conditions of Probation and Supervised Release
**(continued from previous page)**

(1)   The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

(2)   The defendant shall serve 4 months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office..

(3)   The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

(4)   Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

(5)   The defendant shall participate in anger management counseling as directed by the Probation Office.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        x 11/25/05
         CALVIN MILITANTE, Defendant                Date

         _____           11/25/05
         FRANK M. CONDELLO, II                     Date
         U.S. Probation Officer