Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT

### United States District Court

**for the**

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 23 2007

at 9 o'clock and 0 min. M.
SUE BEITIA, CLERK

U.S.A. vs. <u>CALVIN MILITANTE</u>                    Docket No. <u>CR 01-00366SOM-01</u>

### REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

   COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of CALVIN MILITANTE who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 18th day of March 2002, who fixed the period of supervision at six (6) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

   On 11/10/2003, the subject's conditions of supervision were modified by Your Honor to include the following:

5. That the defendant serve two (2) months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during non-working hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

2

On 2/23/2005, the Court revoked the subject's supervised release for the following violations: 1) the subject associated with Mona Huihui, a convicted felon; 2) the subject failed to notify the Probation Officer 10 days prior to any change in residence; 3) the subject failed to truthfully answer all inquiries by the Probation Officer on 12/10/2004, 12/30/2004, and 1/19/2005; and 4) the subject violated a restraining order. The subject was sentenced to ten (10) months imprisonment with sixty-two (62) months supervised release to follow. The following special conditions were imposed.

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant serve four (4) months community confinement, in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

5. That the defendant shall participate in anger management counseling as directed by the Probation Office.

On 3/21/2006, the Court revoked the subject's supervised release for the following violations: 1) the subject failed to serve four (4) months community confinement, when on 3/16/2006, he was unsuccessfully terminated from the program; and 2) the subject associated with Mona Huihui, a convicted felon. The subject was sentenced to nine (9) months imprisonment with fifty-three (53) months supervised release to follow. The following special conditions were imposed.

1. That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

Prob 12C
(Rev. 1/06 D/HI)

3

3. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Judgment attached) as follows:

1. The subject's urine specimens taken as part of the treatment regimen on 1/26/2007, 2/5/2007, 3/19/2007, and 8/2/2007 tested positive for marijuana, in violation of Standard Condition No. 7.

2. The subject's urine specimen of 3/28/2007 tested positive for marijuana, in violation of the General Condition.

3. The subject refused to comply with drug testing on 7/20/2007, in violation of Special Condition No. 1.

4. The subject failed to submit a monthly supervision report for the month of July 2007, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)                                                                                                    4

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show
cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be
sealed for other than law enforcement purposes and until such time that the subject has been
arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on   8/21/2007

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

for   TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 21st day of August, 2007, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **MILITANTE, Calvin**
       **Criminal No. CR 01-00366SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**

### STATEMENT OF FACTS

The subject pled guilty to Possession With Intent to Distribute and Distribution of Cocaine Base Within 1,000 Feet of the Real Property Comprising a Playground, a Class B felony. He was sentenced by Your Honor on 3/18/2002 to twenty-two (22) months imprisonment to be followed by six (6) years supervised release. The subject began his first supervised release term on 4/18/2003.

On 2/23/2005, supervised release was revoked, and the subject was sentenced to ten (10) months imprisonment to be followed by sixty-two (62) months of supervised release. The subject began his second supervised release term on 11/22/2005. On 3/21/2006, supervised release was revoked and the subject was sentenced to nine (9) months imprisonment to be followed by fifty-three (53) months of supervised release. He began his third supervised release term on 12/15/2006. The special conditions are noted on pages 2 and 3 of the petition.

**Violation Nos. 1 and 2 - Urine Specimens of 1/26/2007, 2/5/2007, 3/19/2007, 3/28/2007, and 8/2/2007 Tested Positive for Marijuana:** On 3/2/2007, Your Honor was notified that the subject's urine specimens of 1/26/2007 and 2/5/2007 tested positive for marijuana. These specimens were part of his substance abuse treatment regimen. Specifically, drug testing was conducted by Hina Mauka and counseling was with Freedom Recovery Services (FRS). The subject admitted using marijuana on 1/24/2007. The subject denied using any additional marijuana after this date and it appears the two drug tests are likely a result of the subject's single use of marijuana. Marijuana can be detected for up to thirty (30) days depending on the amount used. As a correctional measure, the subject was referred to FRS for individual counseling. Due to a change in treatment staffing at FRS, the subject did not begin his individual counseling until 3/26/2007. After this date, he was attending weekly counseling with a licensed psychiatrist and certified substance abuse counselor. No further adverse action was recommended and Your Honor concurred.

On 4/17/2007, Your Honor was notified that the subject's urine specimens of 3/19/2007 (a specimen collected as part of a substance abuse regimen) and 3/28/2007 (a random drug test) both tested positive for marijuana. When questioned by this officer, the subject admitted using marijuana on 3/17/2007, but denied any additional use after this date. After consulting the laboratory, this officer believes this second positive test on 3/28/2007 is not indicative of additional drug use. Our office recommended no further adverse action and Your Honor concurred. The subject was warned that future illicit drug use would likely result in severe sanctions that could include the initiation of revocation proceedings.

Re:    **MILITANTE, Calvin**
       **Criminal No. CR 01-00366SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**


On 8/2/2007, the subject reported to the Probation Office. Due to his work schedule, he requested to submit his urine specimen at the office rather than at Hina Mauka in Kaneohe. The subject's urine specimen was forwarded to a laboratory after testing presumptively positive for marijuana. The specimen was later confirmed by the laboratory to be positive for marijuana. The subject has denied using marijuana. Additionally, the subject stated to this officer that someone must have put marijuana in his food without him knowing about it.

**Violation No. 3 - Refusing to Comply With Drug Testing on 7/20/2007**: Per the special condition, the subject was referred to Hina Mauka for random drug testing. Our office was informed by Hina Mauka that on 7/20/2007, the subject failed to submit a urine specimen for testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. The subject claimed that he calls daily and is not sure how he missed the drug test on 7/20/2007. Because he was so adamant that he did not miss drug testing, the undersigned contacted Hina Mauka and they confirmed that the subject did not report for drug testing on 7/20/2007. They also checked the sign in logs and confirmed that the subject did not sign in to be drug tested on 7/20/2007.

**Violation No. 4 - Failed to Submit Monthly Supervision Report for the Month of July 2007**: According to the standard condition, the subject is to submit a monthly supervision report within the first five (5) days of each month to the Probation Office. The subject failed to submit a monthly supervision report for July 2007. On 8/20/2007, this officer contacted the subject by telephone and he admitted that he forgot to send in his July report. He was admonished and instructed to submit his report immediately.

Although the subject has remained gainfully employed during this third supervised release term, it is concerning that he has been using marijuana on multiple occasions and his use continued after being warned of possible revocation proceedings. Based on his illicit drug use coupled with his past anger management

Re:     **MILITANTE, Calvin**
        **Criminal No. CR 01-00366SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 3**

problems and current concerns, we respectfully recommend that the Court issue a no bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/ct

Re:    **MILITANTE, Calvin**
       **Criminal No. CR 01-00366SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

　　　　None.

Case 1:01-cr-00366-SOM    Document 45    Filed 03/28/2006    Page 1 of 5

**ORIGINAL**

AO 245D (Rev. 8/96)  Sheet 1 - Judgment in a Criminal Case for Revocation



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court
## District of Hawaii

MAR 2 8 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

UNITED STATES OF AMERICA

v.

**CALVIN MILITANTE**

(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number:    <u>1:01CR00366-001</u>
USM Number:    88248-022

**Pamela Byrne, AFPD**
Defendant's Attorney

## THE DEFENDANT:

[✔]    admitted guilt to violation of condition(s) <u>Special Condition No. 2, Standard Condition No. 9</u> of the term of supervision.

[ ]    was found in violation of condition(s) _____ after denial or guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | Subject failed to serve four (4) months community confinement, when on 3/16/2006 he was unsuccessfully terminated from the program | |
| 2 | Subject associated with Mona Huihui, a convicted felon | |

The defendant is sentenced as provided in pages 2 through <u>4</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:    <u>0959</u>

Defendant's Residence Address:
Kaamahu
Honolulu, HI 96817

Defendant's Mailing Address:
Kaamahu
Honolulu, HI 96817

March 21, 2006
Date of Imposition of Sentence

Signature of Judicial Officer

**SUSAN OKI MOLLWAY**, United States District Judge
Name & Title of Judicial Officer

MAR 2 8 2006
Date

Case 1:01-cr-00366-SOM    Document 45    Filed 03/28/2006    Page 2 of 5

AO 245B (Rev. 12/03)  Sheet 2 - Imprisonment

| CASE NUMBER: | 1:01CR00366-001 | |
|---|---|---|
| DEFENDANT: | CALVIN MILITANTE | Judgment - Page 2 of 4 |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 9 MONTHS .

[✔]    The court makes the following recommendations to the Bureau of Prisons:
       FDC, Honolulu

[✔]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district.
       [ ]  at ___ on ___.
       [ ] as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
       [ ] before _ on ___.
       [ ] as notified by the United States Marshal.
       [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                              _____
                                                    UNITED STATES MARSHAL


                                         By _____
                                                  Deputy U.S. Marshal

AO 245B (Rev. 12/03)  Sheet 3 - Supervised Release

| CASE NUMBER: | 1:01CR00366-001 | |
|---|---|---|
| DEFENDANT: | CALVIN MILITANTE | Judgment - Page 3 of 4 |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 53 MONTHS .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

[ ]     The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]     The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (Check if applicable.)

[ ]     The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)

[ ]     The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 2458 (Rev. 12/03)  Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:01CR00366-001 | Judgment - Page 4 of 4 |
| DEFENDANT: | CALVIN MILITANTE | |

## SPECIAL CONDITIONS OF SUPERVISION

1.  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

2.  That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

3.  That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U. S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4.  Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

**ACKNOWLEDGMENT OF CONDITIONS**

I have read or have had read to me the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

X _____    12/18/06
Defendant                     Date

_____      12/18/06
United States Probation Officer    Date

OPERATION WEED & SEED
TARGET AREA:
PALAMA - DOWNTOWN/CHINATOWN
OAHU, HAWAII